**3**

DAVID P CUSICK, #160467 TRUSTEE
NEIL ENMARK, #159185, Attorney for Trustee
KRISTEN A. KOO, STATE BAR #230856, Attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 21-20922-A-13C |
| | ) | DCN: DPC-1 |
| | ) | |
| KYLE CURTIS ASH, | ) | TRUSTEE'S OBJECTION TO |
| | ) | CONFIRMATION |
| | ) | |
| | ) | DATE:        MAY 25, 2021 |
| | ) | TIME:         9:00 A.M. |
| | ) | JUDGE:      CLEMENT |
| Debtor(s) | ) | COURTROOM:   28 |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor(s) plan and does not recommend its confirmation.

The Trustee objects to confirmation as:

**1.     MONTHLY DISPOSABLE INCOME, 11 U.S.C. §1325(b)**. Debtor's plan proposes no less than 77% to unsecured claims which are estimated at $5,693.00, (Plan, DN 3, Page 5, §3.14.) The Debtor's calculated monthly disposable income is $7,572.00, (Forn 122C-2,

1

DN 1, Page 57, Line 45.) The Trustee objects to confirmation under 11 U.S.C. §1325(b) as the plan is not 100% to unsecured where the Debtor's projected dispoable income appears to require it; Debtor appears over median income, (Form 122C-1, DN 1, Page 50, Line 17b.)

      2. **DELINQUENCY.** All sums required by the plan have not been paid, (11 U.S.C. §1325(a)(2.)) The Debtor is one payment delinquent - $5,060.00 - in plan payments to the Trustee. The first scheduled payment was due April 25, 2021. The case was filed on March 16, 2021. The Plan in §2.01 calls for payments to be received by the Trustee not later than the 25th day of each month beginning the month after the order for relief under Chapter 13. (The payment may have been sent to the Trustee and not yet received.

      3. **ABILITY TO MAKE THE PAYMENTS.** The Court may need more information so as to show why Debtor can afford to make the payments called for under the plan, 11 U.S.C. §1325(a)(6)

      Debtor has only two scheduled secured debts, Wells Fargo Home Mortgage and ACM Investor Services, and seven separate real properties, (DN 1, Pages 11-14.) Debtor proposes to pay Wells Fargo Home Mortgage directly as Class 4 and to pay ACM Investor Services in full as Class 2, (Plan, DN 3, Page 4, §§3.08(d), 3.10.) A claim has not yet been filed for ACM Investor Services, and a claim is rwquired for it to be paid under the plan, (Plan, DN 3, Page 1, §3.01.)

      Debtor owns 100% of AKC Properties, LLC, 15% of D & D Reit, Inc., and an interest in Curtis Property Investments, LLC, (Statement of Financiaal Affairs, DN 1, Page 46, Question 27; Schedule A/B, DN 1, Page 19, Question 19.) Debtor also owns 20% and is the executor of his grandparents trusts, (Schedule A/B, DN 1, Page 19, Question 25.) Schedule I includes 12 months profit and loss, (by Solano Property Management, DN 1, Pages 34-36.)

The reason for the plan and the disparate treatment of the secured claims may not be clear to the Court, although the Court will note that D&D Reit, Inc., and John Chigbu c/o D&D Reit, Inc., are listed as others to be notified about the ACM Investor Services debt, (Schedule D, DN 1, Page 26, Part 2.)

4. **LIQUIDATION VALUE.** Unsecured claims may not be receiving what they would receive in the event of a hypothetical Chapter 7 liquidation, 11 U.S.C. §1325(a)(4.) Debtor has scheduled the value of his interests in LLC as "Unknown." (Schedule A/B, DN 1, Page 19, Question 19.)

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor(s) plan.

Dated: APRIL 28, 2021　　　　　　　　　　　　/s/Neil Enmark
　　　　　　　　　　　　　　　　　　　　　　Neil Enmark, Attorney for Trustee