**6**
SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
rwilkinson@scheerlawgroup.com
A.065-033S-B

Attorneys for:
IRA SERVICES TRUST COMPANY, CUSTODIAN FBO, DAVID WILLIAM BULLMANN, IRA; PHILIP AYERS BROWNING, TRUSTEE OF THE PHILIP BROWNING 2014 REVOCABLE TRUST; ALAN RAZNICK AND NANCY G. RAZNICK, TRUSTEE OF THE RAZNICK FAMILY TRUST; CARLIE BERKE FAMILY TRUST, CARLIE P. HEADPOL, TRUSTEE, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Bk. No. 21-20922-FEC |
| KYLE CURTIS ASH, | Chapter 13 |
| Debtor. | **OBJECTIONS TO CONFIRMATION OF PLAN** |
| | Hearing- Confirmation Hearing<br>Date: May 25, 2021<br>Time: 9:00am<br>Place: Bankruptcy Court<br>     501 I Street<br>     Sacramento, CA<br>     7th Floor, Courtroom 28<br>**VIA VIDEO OR TELECONFERENCE** |

IRA SERVICES TRUST COMPANY, CUSTODIAN FBO, DAVID WILLIAM BULLMANN, IRA; PHILIP AYERS BROWNING, TRUSTEE OF THE PHILIP BROWNING 2014 REVOCABLE TRUST; ALAN RAZNICK AND NANCY G. RAZNICK, TRUSTEE OF THE RAZNICK FAMILY TRUST; CARLIE BERKE FAMILY TRUST, CARLIE P. HEADPOL, TRUSTEE, its successors and/or assignees in interest ("**Creditor**"), secured creditor of the above named Debtor, hereby submits these Objections to the Debtor's Chapter 13 Plan ("**Plan**"). These Objections are based on the pleadings and records on file in this matter, and the

1 following memorandum. Creditor also requests that the Court take Judicial Notice of certain
2 documents of public record and on file with this Court in accordance with Federal Rule of
3 Evidence 201, including, but not limited to Debtor's Chapter 13 Plan, Schedules and Creditor's
4 Proof of Claim.

## I. INTRODUCTION

6       The Debtor is not the borrower under the Note and Deed of Trust. On or about May 30,
7 2019, D&D Reit, Inc, A California Corporation, the original borrower under the Note and Deed
8 of Trust, purportedly executed a Grant Deed transferring interest in the Property to Debtor,
9 without the knowledge and/or consent of Creditor. The Debtor has now filed bankruptcy and
10 seeks to pay the claim over the life of the Plan at 0% interest. Not only is the inclusion of
11 Creditor's claim improper as the Debtor is not the Borrower, but, if the Court allows such
12 inclusion, it is inequitable as the Debtor is proposing to pay the claim at 0%. This Bankruptcy
13 and Plan appear to be filed in bad faith, without a legitimate attempt to reorganize and is
14 infeasible as proposed. As a result, confirmation of Debtor's Plan should be denied.

## II. FACTS

16     1.     Creditor is the current payee of a Promissory Note dated July 24, 2018 in the
17 principal amount of $266,500.00 (the "**Note**") secured by a First Deed of Trust of same date,
18 which bears interest as specified therein. The indebtedness evidenced by the Note is secured by
19 a Deed of Trust executed and recorded in Solano County and which encumbers the real property
20 located at **531 Westwood Court, Vacaville, CA 95688** (the "**Property**") [*See* Creditor's Proof
21 of Claim]. The borrower on the Note and Deed of Trust is D&D Reit, Inc, A California
22 Corporation ("**Borrower**"). The Note matures on August 1, 2021.

23     2.     On or about May 30, 2019, Borrower purportedly executed a Grant Deed
24 transferring interest in the Property to Debtor, without the knowledge and/or consent of Creditor.
25 [See Creditor's Proof of Claim, Claim No.4-1].

26     3.     On March 16, 2021, Debtor filed a Petition under Chapter 13 of the Bankruptcy
27 Code, No. 21-20922.

28     4.     In his Schedules, the Debtor provides the following:

- Lists his sole proprietorships as AKC Properties, LLC and Curtis Property Investments, LLC.
- Lists a 15% ownership interest in Borrower.
- His monthly income is $10,632.50, ($7,432.50 from his business and $3,200 in disability).
- The Property produced $1,700 in rental income for the months of September 2021 through December 2021, produced income of $475 in rent in January 2021. The Property did not produce income for February 2021 or March 2021.
- Debtor has taken draws or income from the Property totaling $4,953.06 since September 2021.
- Debtor's monthly expenses total $2,395.00. This amount does not include any payments on real property. This leaves $8,237.50 in monthly disposable income
- Debtor declares that he spends half of his time at the Property.

5.　　Debtor filed a Chapter 13 Plan on March 16, 2021, that lists Creditor's claim in Class 2. [*See* Plan, Page 4]. Debtor proposes to make monthly plan payments of $5,060 for 60 months. He is also proposing to repay Creditor's claim in the amount of $282,765.72, at 0% interest with monthly payments of $4,712.76. He also proposed to pay another real property creditor, Wells Fargo, directly each month in the amount of $1,355.

6.　　Creditor's claim, as of the petition date, was $288,686.18 [See Creditor's Proof of Claim, Claim No.4-1].

### III.　　OBJECTION

**The Bankruptcy and the Plan Were Not Filed in Good Faith as Required by 1325(a)(3) and (a)(7)**

Creditor asserts that the current bankruptcy and Plan were filed in bad faith and in violation of 11 U.S.C. § 1325(a). Pursuant to section 1325(a)(3), to be entitled to confirmation, the chapter 13 plan must have been proposed in good faith and may not have been proposed by any means forbidden by law. *8-1325 Collier on Bankruptcy* P 1325.04. Whether the Plan is in good faith is determined by reviewing the totality of the circumstances. *In re Goeb*, 675 F.2d 1386, 1389-1390 (9th Cir. 1982). In addition to considering whether the debtors acted equitably in proposing their Chapter 13 plan, a bankruptcy court must also take into account "whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code or otherwise proposed his Chapter 13 plan in an inequitable manner." Id. at 1390. *Heal v.*

*Burchard*, 2010 U.S. Dist. LEXIS 107879 (N.D. Cal. Sept. 28, 2010). Also, under section 1325(a)(7) a plan can be denied confirmation if the action of the debtor in filing the bankruptcy petition was not in good faith. This paragraph differs from section 1325(a)(3) because that section refers to good faith proposal of a plan, rather than filing of the petition. *8-1325 Collier on Bankruptcy* P 1325.08. In this case, neither the petition nor the Plan appear to have been filed in good faith.

Here, the Debtor is not the borrower on the Note or Deed of Trust. On or about May 30, 2019, Borrower, purportedly executed a Grant Deed transferring interest in the Property to Debtor, without the knowledge and/or consent of Creditor. Creditor objects to the confirmation of Debtor's Plan on the basis that the Property was transferred to the Debtor without the written consent of Creditor. Further, the Debtor acknowledges that he has a 15% ownership interest in the Borrower corporation. Now the Debtor is seeking to pay off Creditor at 0% interest over the life of the Plan, when his interest in the Property is suspect. Not only is this inequitable, the transfer violates Creditor's rights allowed pursuant to the <u>Garn St. Germaine Depository Institutions Act of 1982</u> (Public Law 97-320. 96 Stat 1469). *See* <u>In re Martin</u>, 176 B.R. 675 (Bankr. D. Conn. 1995) (holding that a transfer of real property without the written consent of the Creditor violated 11 U.S.C. §1322(b)). This also appears to be in bad faith in violation of 11 U.S.C. § 1325(a)(3) and 11 U.S.C. § 1325(a)(7).

**Debtor's Proposal to Pay Creditor Over the Life of the Plan at 0% is Improper**

As discussed above, the Debtor is not the Borrower on the Note and has included the Property in his Plan improperly. However, in the event that this Court allows modification of Creditor's right to receive full payment of its loan in accordance with the subject Promissory Note and allows the Debtor to proceed, the Debtors' Plan must provide for full payment of Lender's entire claim over the length of the Plan with market rate of interest as the loan will mature during the life of the Plan. See In re James Jones, 188 B.R. 281 (Bankr. D. OR. 1995). See also In re Barnes, 32 F.3d (9th Circ. 1994)(requiring payment of the claim over the life of the plan in accordance with 11 U.S.C. §1325(a)(5)(B)(ii))(emphasis added); In re Bagne, 219 B.R. 272, 277 (Bankr. E.D. Cal. 1998); In re Reeves, 164 B.R. 766, 768 (Bankr. Fed. App.

1994); In re Harlan, 783 F.2d 839, 840 (9th Cir. 1986)(postponing payment of a debt beyond the original date contemplated by the parties is a modification of Lender's rights and violates 11 U.S.C. §1322(b)(2)). Debtor's proposal of 0% is improper.

**Debtor's Income and Source of Income is Unexplained**

Pursuant to the Debtor's Schedules, he earns $7432.50 from the operation of his business and he provides an attachment providing that, from September 2021 through December 2021, the Property was generating $1,700 in rental income. He was also taking the majority of those funds as partner draws or income and not using those funds to service the debt on this loan. However, the Debtor also provides that the Property has not produced income in February or March of this year. Finally, the Debtor claims that he lives at the Property half of his time. It is not clear if the Property is producing rent. If the Property is not producing rent, the Debtor income will decrease and the proposed plan may not be feasible.

### IV. CONCLUSION

This Bankruptcy and Plan appear to be filed without a legitimate attempt to reorganize and is infeasible as proposed. Wherefore, Creditor prays that Debtor's Plan not be confirmed and that these proceedings be dismissed.

SCHEER LAW GROUP, LLP

DATED: April 29, 2021        /s/REILLY D. WILKINSON
                             #250086

5

# SPECIAL NOTICE

THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

**The following statement provides you with notice of certain rights which you may have by law.  Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents** or your need to take legal action to protect your rights in this matter.  No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

### CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose.  Please be advised that if you notify CREDITOR, its successors and/or assignees' attorneys in writing within 30 days of receipt of this letter that all or a part of your obligation or judgment to CREDITOR, its successors and/or assignees is disputed, then CREDITOR, its successors and/or assignees' attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to CREDITOR, its successors and/or assignees.  In addition and upon your written request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

If I do not hear from you within 30 days of receipt of this letter, I will assume that your debt to CREDITOR, its successors and/or assignees is valid.  Please be advised that the creditor is not obligated to wait 30 days before taking legal action against you.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

ATTACHMENT "1"