**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Kyle Curtis Ash          **Case No.:** 21-20922 - A - 13
                                         **Docket Control No.** DPC-1
                                         **Date:** 05/25/2021
                                         **Time:** 9:00 AM

**Matter:** [15] - Objection to Confirmation of Plan by DAVID P. CUSICK [DPC-1] Filed by Trustee David Cusick (isaf)

**Judge:** Fredrick E. Clement
**Courtroom Deputy:** Janice Busch
**Reporter:** Electronic Record
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**
(by phone) Trustee's Attorney - Neil Enmark
**Respondent(s):**
(by phone) Creditor's Attorney - Reilly D. Wilkinson

---

**CIVIL MINUTES**

**Objection:** Trustee's Objection to Confirmation of Plan
**Notice:** LBR 3015-1(c)(4), 9014-1(f)(2); no written opposition required
**Disposition:** Sustained and confirmation denied
**Order:** Civil minute order

No responding party is required to file written opposition to the objection; opposition may be presented at the hearing. LBR 3015-1(c)(4), 9014-1(f)(2)(C). If opposition is presented at the hearing, the court may rule on the merits or set a briefing schedule. Absent such opposition, the court will adopt this tentative ruling.

Chapter 13 plan confirmation is governed by 11 U.S.C. §§ 1322, 1325 and by Federal Rule of Bankruptcy Procedure 2002(b) and Local Bankruptcy Rule 3015-1. The debtor has the burden of proving that the plan complies with all statutory requirements of confirmation. *In re Andrews*, 49 F.3d 1404, 1407-08 (9th Cir. 1995); *In re Barnes*, 32 F.3d 405, 407-08 (9th Cir. 1994).

**11 U.S.C. § 1325(b)**

Under the "best efforts test," the chapter 13 plan must provide that all of the debtor's projected disposable income will be applied to

make payments to unsecured creditors under the plan, 11 U.S.C. § 1325(b)(1)(b). The debtor's plan proposes no less than 77% to unsecured claims which are estimated at $5,693.00, Plan, §3.14, ECF No. 3. The debtor's calculated monthly disposable income is $7,572.00, Form 122C-2,ECF No. 1. The debtor appears over median income, Form 122C-1, ECF No. 1. The debtor hasn't shown why the plan should not be 100% to unsecured creditors.

**11 U.S.C. § 1325(a)(6)**

11 U.S.C. § 1325(a)(6) requires that a chapter 13 plan is feasible, and that the debtor is able to comply with its terms. Here the debtor's payments under the proposed plan are delinquent in the amount of $5,060.00.

**11 U.S.C. § 1325(a)(4)**

This plan fails the liquidation analysis under § 1325(a)(4). The debtor owns 100% of AKC Properties, LLC, owns 15% of D & D Reit, Inc., and retains an interest in Curtis Property Investments, LLC, Statement of Financial Affairs, ECF No. 1. The debtor's schedules state that the value of his interests in the LLC is "Unknown," ECF No. 1. The debtor failed to prove the unsecured creditors would receive the minimum which they would in a chapter 7 case. The court will sustain the objection under § 1325(a)(4).