**4**

SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
SLG File No.: A.065-033S-B
Attorneys for ACM INVESTOR SERVICES, INC., its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Bk. No. 21-20922-FEC |
| KYLE CURTIS ASH, | Chapter 13 |
| Debtor, | DCN. No. RDW-001 |
| | MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | Hearing-<br>Date: June 29, 2021<br>Time: 09:00am<br>Place: Bankruptcy Court<br>      501 I Street, Seventh Floor<br>      Courtroom 28<br>      Sacramento, California<br>**VIA TELEPHONE/VIDEOCONFERENCE** |

ACM INVESTOR SERVICES, INC., its successors and/or assignees, ("Movant"), moves the Court for relief from the Automatic Stay provided by 11 U.S.C. Section 362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. Section 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject property.

1

In addition, and if applicable, Lender will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), and California Civil Code § 2924g(d), so that any foreclosure sale may be held without the applicable waiting period specified therein.

In addition, Movant shall seek an order pursuant to 11 U.S.C. § 362(d)(4) so that any order for relief will be binding in any other case under this title purporting to affect the subject property filed within two (2) years of the order for relief.

This motion is brought pursuant to 11 U.S.C. Section 362(d)(1) for "cause" and due to the following:

The failure of Debtor to make required payments as set forth in the attached Declaration of Kathie Knighten. Debtor failure to make required payments provides "cause" for relief from the Automatic Stay in accordance with the ruling of the Bankruptcy Appellate Panel in In re Proudfoot, 144 B.R. 876 (9th Cir. BAP 1992).

The property was transferred to Debtor by D&D REIT, INC, a California Corporation, who was the original trustor. The transfer was made without the prior written consent of Movant. The Note contains a Due on Sale Clause which is enforceable under the Garn St. Germaine Act, Depository Institutions Act of 1982, (Public Law 97-320. 96 Stat 1469). The full amount of the loan is due and payable due to the fraudulent transfer.

Lender's loan fully matures on August 1, 2021.

To the extent applicable, Movant will move this Court for relief from the co-debtor stay contained in U.S.C. §1301 and will request that any Order allowing relief from stay against Debtor, or conditioning continuance of the automatic stay against Debtor, be deemed applicable to the co-debtor and the co-debtor stay. (See In re Jimmy Leonard, 307 B.R. 611 (E.D.TN 2004) and In re: Pardue, 143 B.R. 434 (E.D. TX 1992)). Furthermore, according to the Court in In re: Jacobsen, 20 B.R. 648 (B.A.P. 9th Cir. 1982), a Debtor should not be entitled to confirm a Chapter 13 plan, without consenting to relief from the co-debtor stay, so that the Creditor can proceed with collecting the deficiency on the loan from the co-debtor, who has not filed for protection under the Bankruptcy Code, where the debt is not provided in the Plan. Here, D&D REIT, INC ("Borrower") is the borrower on the loan secured by the Property, not the

2

1　Debtor. Movant's interest would be irreparably harmed by continuation of the stay in accordance
2　with the declaration of Kathie Knighten.
3　　　　In addition, and in the event that the Court continues the Automatic Stay, Movant
4　will seek adequate protection of its secured interest pursuant to 11 U.S.C. Sections 361 and 362,
5　including a requirement that Debtor reinstate all past arrearages and immediately commence
6　regular monthly payments.
7　　　　Furthermore, Movant will also seek attorneys' fees and costs incurred in bringing
8　the Motion.  Movant requests such fees pursuant to the Note and Deed of Trust securing
9　Movant's claim or pursuant to 11 U.S.C. Section 506(b).  Post petition attorneys' fees and costs
10　for the within motion may be added to the outstanding balance of the subject Note pursuant to
11　Travelers Casualty v. Pacific Gas and Electric Co., 549 U.S. 443 (2007).
12　　　　In addition, Movant requests such further relief as is just.
13　　　　This Motion shall be based on these moving papers, the Relief from Stay
14　Information Sheet, the attached Declaration of Kathie Knighten, and the pleadings and records
15　on file with this Court.
16　　　　In the event neither the Debtor nor Debtor's counsel or any interested party
17　appears at a hearing on this Motion, the Court may grant relief from the Automatic Stay
18　permitting moving party to foreclose on the Debtor's real Property located at **531 WESTWOOD**
19　**COURT, VACAVILLE, CA 95688**, which is legally described in the Deed of Trust attached to
20　the Declaration of Kathie Knighten under all defaults, including any pre-petition defaults, and
21　thereafter obtain possession of such Property without further hearing, or may enter an order
22　conditioning the continuance of automatic stay.
23　　No party in interest shall be required to file written opposition to the Motion.  Opposition,
24　if any, shall be presented at the hearing on the motion.  If opposition is presented, or if there is
25　other good cause, the Court may continue the hearing to permit the filing of evidence and briefs.
26　WHEREFORE, Movant prays for judgment as follows:
27
28

1. For an order granting relief from the Automatic Stay, permitting Movant to take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject property.
2. For an order granting relief from the Automatic Stay in accordance with § 362(d)(1).
3. For an order granting relief binding on the Property in accordance with 11 U.S.C. § 362(d)(4) for a period of two (2) years.
4. For an order allowing Movant to seek and collect any damages ordered by any Court for the wrongful retention of the subject property after foreclosure of the subject property.
5. That any other stays applicable to this Property via the Co-Debtor Stay of 11. U.S.C. 1301 or Bankruptcy Rule 4001(a)(3), be vacated or waived;
6. For an order regarding adequate protection of Movant's interest as this Court deems proper.
7. For attorneys' fees and costs for suit incurred herein.
8. For an order waiving the 14-day stay described in Bankruptcy Rule 4001(a)(3).
9. For such relief as this Court deems appropriate.

SCHEER LAW GROUP, LLP

DATED: June 9, 2021  /s/ REILLY D. WILKINSON
REILLY D. WILKINSON